**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
**POUGHKEEPSIE DIVISION**
---------------------------------------------------------X
In re:

    **ALAN G. FRIEDBERG,**

                                **Debtor.**

**CHAPTER 7**

**CASE NO. 08-35875 CGM**

---------------------------------------------------------X

    **JOSEPH TSO,**

                               **Plaintiff,**

-against-

    **ALAN G. FRIEDBERG,**

                               **Defendant,**

**ADV. PRO. NO.**

**COMPLAINT**

---------------------------------------------------------X

       Joseph Tso, by his attorneys, Anthony Carlini, Esq., and Lewis D. Wrobel, Esq., as and for his Complaint against Alan G. Friedberg, alleges as follows:

1.    This is an Adversary Proceeding pursuant to 11 U.S.C. Section 523(a)(2)(A) and 523(a)(4).

2.    The Bankruptcy Court has jurisdiction over the subject matter of this Adversary proceeding pursuant to 28 U.S.C. Section 1334. The Adversary Proceeding is a Core Proceeding pursuant to 28 U.S.C. Section 157(b)(2)(1).

3.    Alan G. Friedberg, (hereinafter referred to as "Friedberg" or "Debtor") the debtor herein, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 27, 2008.

4.    Joseph Tso is a creditor of the debtor.

## FACTUAL ALLEGATIONS

5.    In November, 2003 the debtor and the Sheryl Smul Grantor Annuity Trust (hereinafter referred to as "Smul Trust") entered into a security agreement with Joseph Tso and his spouse, Lana Tso. Pursuant to the terms of the security agreement, the debtor and the Smul

Trust granted to Joseph Tso and Lana Tso all of their interest in RH Lodging Services, LLC (hereinafter referred to as "RH Lodging") and of all of their interests in the assets of RH Lodging.

6. Joseph Tso loaned to Friedberg the sum of $1,300,000.00 by promissory note dated December 31, 2003. The sum was borrowed by Friedberg from Joseph Tso in connection with a loan from D & N Management Corp from the First National Bank of Jeffersonville. A copy of the Promissory Note is attached hereto as "Exhibit A".

7. CS-Graces, LLC (hereinafter referred to as "CS-Graces") is a New York limited liability company with its principal offices in Ellenville, New York.

8. RH Lodging is a New York Limited liability company with it s principal offices in Rock Hill, New York.

9. At all relevant times, Friedberg was the Manager of RH Lodging.

10. Upon information and belief, the Smul Trust is a Florida Trust with an address of 12351 NW 2nd Street, Plantation, Florida 33325.

11. The members of CS-Graces are Joseph Tso, Lana Tso, Cecelia Tso and Stanley Tso.

12. Prior to January 1, 2006 the sole members of RH Lodging were the Smul Trust and CS-Graces, each owning a fifty (50%) percent membership interest therein.

13. Upon information and belief, Friedberg is the brother of Sheryl Smith, the settlor of the Smul Trust, and is also a beneficiary of the Trust.

14. Upon information and belief, Friedberg wholly controlled the actions of the Smul Trust and was its "alter ego".

15. On January 1, 2006, the Smul Trust , CS-Graces and RH Lodging entered into an agreement whereby the Smul Trust transferred its fifty (50%) percent membership interest in RH

Lodging to CS-Graces. A copy of the Agreement is annexed hereto as "Exhibit B".

16. In exchange for the transfer fo the fifty (50%) percent membership interest from the Smul Trust to CS-Graces, substantial consideration, exceeding $1,000,000.00, was exchanged between the parties (see Agreement paragraphs 2 and 3). As part of the said consideration the aforementioned loan from Joseph Tso to Friedberg was cancelled. Also, other obligations of Friedberg to Mr. Tso were cancelled including the security agreement.

17. Upon information and belief, Friedberg entered into a Loan Agreement with Greenstreet Financial, L.P. (hereinafter referred to as "Greenstreet"), a Delaware limited partnership, on December 11, 2004, whereby Greenstreet lent Friedberg the sum of $1,000,000.00.

18. Upon information and belief, the loan between Friedberg and Greenstreet was secured, in part, by a Commercial Security Agreement dated December 22, 2004, entered into between the Smul Trust as Grantor and Greenstreet as lender (hereinafter referred to as "the Smul Security Agreement").

19. Pursuant to the Smul Security Agreement. Ms. Smul, as Trustee of the Smul Trust, granted to Greenstreet a security interest in, among other property of the Smul Trust, collateral consisting of the Smul Trust's fifty (50%) percent membership interest in RH Lodging.

## FIRST CLAIM
## THE DEBT IS NON-DISCHARGEABLE PURSUANT TO 523(a)(2)(A)

20. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs # 1 through #19 of this Complaint with the same force and effect as if the same were set forth at length herein.

21. On January 1, 2006 when Friedberg negotiated the Agreement between the Smul Trust and CS-Graces he knew that the Trust's fifty (50%) interest in RH Lodging was encumbered by

the Security Agreement and the lien of Greenstreet.

22. Friedberg failed to disclose this lien, which was in existence for over one year, and in fact represented that the Smul Trust fifty (50%) percent membership interest in RH Lodging was being conveyed free and clear of all liens.

23. Friedberg knowingly misrepresented and defrauded CS-Graces and Joseph Tso by claiming that the Smul Trust fifty (50%) percent membership interest was equal in value to the consideration given to Friedberg by CS-Graces and CS-Graces members including Joseph Tso.

24. CS-Graces and its members, including Joseph Tso relied upon the misrepresentations made by Friedberg.

25. Upon information and belief, Friedberg personally benefitted from the transaction and the fraud perpetrated upon CS-Graces and Joseph Tso.

26. As a result of the fraud perpetrated by Freidberg, CS Graces and Joseph Tso have suffered substantial damages in an amount in excess of $1,500,000.00

## SECOND CLAIM
## THE DEBT IS NON-DISCHARGEABLE PURSUANT TO 11 U.S.C. SECTION 523(a)(4)

27. The Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs # 1 through # 26 of this Complaint with the same force and effect as if the same were set forth at length herein.

28. CS-Graces and Friedberg, through his control of the Smul Trust and as manager of RH Lodgings, owned and operated RH Lodgings and its businesses.

29. As such, Friedberg was a fiduciary and owed a fiduciary duty to CS-Graces and Joseph Tso as a principal of CS-Graces.

30. Friedberg breached his fiduciary duty by failing to inform CS-Graces and/or its members, including Joseph Tso, of the Greenstreet loan and Smul Security Agreement.

31. As a result of Freidberg's breach of fiduciary duty, CS-Graces and Joseph Tso have been substantially damaged.

32. The debt owed by Friedberg to CS-Graces and to Joseph Tso in a sum in excess of $1,500,000.00 is therefore non-dischargeable pursuant to 11 U.S.C. Section 524(a)(4).

WHEREFORE, Joseph Tso respectfully prays for an Order excepting the debt of Alan G. Friedberg in a sum of excess of $1,500,000.00 from discharge pursuant to 11 U.S.C. Section 523(a)(2)(A) and 11 U.S.C. Section 524(a)(4), together with such other and further relief as to this Court may seem just and proper.

Dated: Poughkeepsie, New York
July 28, 2008

/s/Lewis Wrobel
LEWIS D. WROBEL, ESQ.
Attorney for Joseph Tso
12 Raymond Ave.
Poughkeepsie, NY  12603
Phone:  845-473-5411
Fax:  845-473-3430
E-mail:  lewiswrobel@verizon.net


/s/Anthony Carlini
ANTHONY CARLINI, ESQ.
KELLY & MEENAGH, LLP
Attorneys for Joseph Tso
135 North Water Street
PO Box 1031
Poughkeepsie, NY 12602
Phone: 845-454-4244